UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================

JACOB LEBOVITS individually and
on behalf of all others similarly situated

                         Plaintiff,

      -against-

FINANCIAL RECOVERY SERVICES, INC.

                         Defendant.

======================================

### CLASS ACTION COMPLAINT

*Introduction*

1.     Plaintiff Jacob Lebovits files this Complaint seeking redress for the illegal practices of Financial Recovery Services, Inc., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

*Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Minneapolis, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Jacob Lebovits

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about December 24, 2013, Financial Recovery Services, Inc. sent a collection letter to the Plaintiff Jacob Lebovits.

11. The said letter was an effort to collect on a consumer debt.

12. The said December 24, 2013 letter was mailed out by the Defendant to the Plaintiff in a plastic window envelope.

13. Visible through the plastic window, was the consumer's "FRS File #" number allocated to the Plaintiff by Financial Recovery Services, Inc.

14. Congress enacted the FDCPA in 1977 "to eliminate abusive debt

collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). These abusive debt collection practices, Congress found, lead to personal bankruptcies, marital instability, the loss of jobs, and, relevant to our analysis, "invasions of individual privacy." Id. § 1692(a).

15. To further the FDCPA's purposes, § 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. Id. Subparagraph 8, prohibits the following conduct:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

16. The FRS file number, which appeared through the glassine window and was able to be viewed by any person handling the mail, contained such a symbol and language.

17. Financial Recovery Services, Inc.'s disclosure of the Plaintiff's FRS file number violates the FDCPA.

18. The plain language of § 1692f(8) does not permit Financial Recovery Services, Inc.'s envelope to display a file number.

19. The Plaintiff's FRS file number is not benign, but rather a piece of information which is able to identify the Plaintiff's status as a debtor.

20. Indeed, the disclosure of the Plaintiff's FRS file number raises core

-3-

consumer privacy concerns.

21. Federal Rule of Civil Procedure 5.2(a), entitled "Privacy Protection for Filings Made with the Court," provides: "a party or non-party making the filing may include only:

> ... (4) [T]he last four digits of the financial-account number." Pursuant to this Rule, every litigant is required to redact her account number before filing her pleading in the district court. The prohibition is prophylactic and does not require a showing that a miscreant actually misused an account number that should have been redacted.

22. Privacy Act of 1974, 5 U.S.C. § 552a(4)(b) (West 2011) No agency shall disclose any "identifying number" without consent.

23. The FDCPA provides no exception, permitting a debt collector to expose a consumer's file number or other personal identifying information.

24. The overarching purpose of the FDCPA is consumer protection, not debt collector expediency. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("[t]hough it also protects the interests of law-abiding debt collectors, the Act is primarily a consumer protection statute, and we have consistently interpreted the statute with that congressional object in mind.").

*Douglass v. Convergent Outsourcing*, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Here, [the debt collector's] disclosure implicates a core concern animating the FDCPA—the invasion of privacy. Section 1692(a) of the FDCPA explains that Congress enacted the law in response to "abundant evidence' of abusive debt collection practices that cause manifest harms to individuals, among them "invasions of individual privacy. 15 U.S.C. § 1692(a). The disclosure of [the debtor's] account number raises these privacy concerns. The

account number is a core piece of information pertaining to [the debtor's] status as a debtor and [the debt collector's] debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. Because [the debt collector's] disclosure implicates core privacy concerns, it cannot be deemed benign" . . . Accordingly, [the debtor's] account number is impermissible language or symbols under § 1692f(8).); *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 238 (2d Cir. 1998). ([A central purpose of § 1692f(8) is] to protect the privacy of the debtors.)

25. Upon information and belief, the Defendant mails millions of such collection correspondence annually.

26. Defendant's December 24, 2013 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

27. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

28. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29. The identities of all class members are readily ascertainable from the records of Financial Recovery Services, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

30. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Financial Recovery Services, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

31. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

32. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

33. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

34. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would

engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

35. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

39. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (38) as if set forth fully in this cause of action.

40. This cause of action is brought on behalf of Plaintiff and the members of a class.

41. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 24, 2013; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

42. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

46.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

47.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

48.     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

   Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
November 13, 2014

    /s/ David Palace_____
    **Law Offices of David Palace** (DP 3855)
    383 Kingston Ave. #113
    Brooklyn, New York 11213
    Telephone: 347-651-1077
    Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

    /s/ David Palace_____
    David Palace esq. (DP 3855)

DEPT 813    9930645813120
PO BOX 4115
CONCORD CA  94524

**FINANCIAL RECOVERY SERVICES, INC.**
P.O. Box 385908
Minneapolis, MN  55438-5908
1-877-288-5441

RETURN SERVICE REQUESTED

December 24, 2013

CLIENT: DISCOVER BANK
CURRENT CREDITOR: DISCOVER BANK
REGARDING: DISCOVER CARD
ACCOUNT NUMBER: XXXXXXXXXXXX1925
DATE OF LAST PAYMENT: 06/03/12
CHARGE-OFF DATE: 01/31/13

**BALANCE ITEMIZATION**
PRINCIPAL BALANCE: $16778.93
BALANCE DUE: $16778.93
ON-LINE PIN NUMBER:
(Used to access and view your file on  WWW.FIN-REC.COM)


JACOB LEBOVITS
1044 53RD ST
BROOKLYN NY 11219-4018

## ******SETTLEMENT REDUCTION OFFER******

WE ARE AUTHORIZED TO SETTLE THE ABOVE LISTED ACCOUNT(S) AT A SUBSTANTIAL REDUCTION TO YOU!!!!!!!!

TO MAKE THIS EASIER FOR YOU TO RESOLVE, WE ARE AUTHORIZED TO ACCEPT A SETTLEMENT ON THE ACCOUNT(S) LISTED ABOVE FOR $10067.36. WHEN YOU HAVE SATISFIED THIS AGREEMENT, THE ACCOUNT(S) WILL BE CONSIDERED SETTLED IN FULL FOR LESS THAN THE FULL BALANCE AND YOU WILL BE RELEASED OF ALL LIABILITY RELATIVE TO THE ABOVE LISTED ACCOUNT(S).

WE REQUEST THAT YOU RESPOND TO OUR OFFER WITHIN 30 DAYS. WE ARE NOT OBLIGATED TO RENEW THIS OFFER.  DISCOVER BANK IS REQUIRED BY THE IRS TO PROVIDE INFORMATION ABOUT CERTAIN AMOUNTS THAT ARE DISCHARGED AS A RESULT OF A CANCELLATION OF A DEBT ON A FORM 1099C.  IF DISCOVER BANK IS REQUIRED TO NOTIFY THE IRS, YOU WILL RECEIVE A COPY OF THE FORM 1099C THAT IS FILED WITH THE IRS.  WE RECOMMEND THAT YOU CONSULT INDEPENDENT TAX COUNSEL OF YOUR OWN CHOOSING IF YOU DESIRE ADVICE ABOUT ANY TAX CONSEQUENCES WHICH MAY RESULT FROM THIS SETTLEMENT.

IF YOU ARE UNABLE TO TAKE ADVANTAGE OF THIS OFFER, PLEASE CALL OUR OFFICE---WE ARE WILLING TO LISTEN TO ANY OFFERS YOU MAY WISH TO MAKE.  DEPENDING ON YOUR SITUATION, PAYMENTS MAY STILL BE AN OPTION FOR YOU.  FRS NOW ACCEPTS SOME FORMS OF PAYMENT ONLINE AT WWW.FIN-REC.COM.  YOU CAN PAY ONLINE AT WWW.FIN-REC.COM BY USING YOUR ABOVE PROVIDED PIN NUMBER AND THE FRS FILE NUMBER.  YOU WILL NEED TO FOLLOW THE ONLINE INSTRUCTIONS TO MAKE AN ONLINE PAYMENT.

SINCERELY,
AARON LIIMATAINEN
ACCOUNT MANAGER
TOLL FREE: 1-877-288-5441

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
**SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**
Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

---

***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***
NOTE:  ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

Amount Enclosed: _____
Home Phone: _____
Work Phone: _____

TOTAL BALANCE DUE: $16778.93
SETTLEMENT OFFER: $10067.36
FRS File#:
TOLL FREE: 1-877-288-5441

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN  55438-5908

JACOB LEBOVITS
1044 53RD ST
BROOKLYN, NY 11219-4018

FRS045-1223-425800869-01523-1523

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

### ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

### ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca

COLORADO OFFICE LOCATION: 717 17TH STREET, SUITE 2300, DENVER, CO 80202.
PHONE: 1-866-436-4766

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

### ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

NOTICE OF IMPORTANT RIGHTS:

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 A.M. AND 5 P.M. CST, AT THE NUMBER LISTED ON THE FRONT OF THIS NOTICE. MASSACHUSETTS RESIDENT OFFICE ADDRESS IS: 5230 WASHINGTON ST, WEST ROXBURY, MA 02132 WITH OFFICE HOURS: M-TH 10AM-3PM.

### ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

### ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

North Carolina Department of Insurance permit number: 3917.

### ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

### ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

### NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. Please call (866) 438-2860 with your criticisms, complaints, suggestions and compliments. You may also enter them online at www.fin-rec.com. When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.